**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.                                                                          CASE NO.: 3:04cr10/MCR

DAVID W. SVETE,
RON GIRADOT,
and
CHARME AUSTIN
                                                              /


**O R D E R**

Upon application of the United States and following a hearing on the merits, this court entered an Amended Restraining and Repatriation Order pursuant to Title 21, United States Code, Section 853.  (Doc. 162).  The purpose of the order was to direct the Defendant, David Svete to undertake all reasonable steps to return certain funds which were then (and are now still) held in Canada to the United States and deposit them to this court.  These funds, amounting to three million dollars, were proceeds of defendant's fraudulent life insurance scheme, which formed the basis of his prosecution before this court.[1]  As a result, at the time the Amended Restraining and Repatriation Order was entered the United States had an interest in seeing to it that the funds were protected and, upon conviction of the defendant, ultimately returned to the United States and this court for the benefit of the fraud victims.[2]  The funds were also of interest to the United States

---

[1] The three million dollars found its way to Canada by virtue of Defendant Svete having wire transferred the money to an account at the Exchange Bank and Trust at the Bank of Montreal, British Columbia.  The funds were subsequently frozen by the British Columbia Securities Commission for reasons unrelated to this case.

[2] Svete is now serving a 200 month prison sentence.  His sentence also included restitution in the amount of $100,722,605.34 and a final order of forfeiture in the amount of $21,000,000.00.

District Court for the Southern District of Ohio, in which civil litigation stemming from the fraudulent activities was pending. That court appointed H. Thomas Moran as Receiver of the assets of certain Svete-related entities, including those through which the three million was fraudulently generated.

Before the indictment in this case was returned, Defendant Svete had initiated legal action in Canada to recover the three million dollars and had obtained a default judgment in favor of his corporation, Umbrella Capital, LLC against Exchange Bank and Trust in that amount. Svete was represented in the Canadian Proceedings by Duncan Manson and it was Manson who ultimately succeeded in securing the default judgment. Svete's American civil counsel was Lawrence Bonner, of the Miami law firm of Homer & Bonner, who appeared before and addressed this court at the repatriation hearing with respect to the status of the Canadian Proceedings and the three million dollars. Following the hearing before this court, an agreement was reached between the Receiver and Lawrence Bonner, on behalf of his law firm Homer & Bonner, P.A., by which Homer & Bonner, P.A. agreed it would continue to prosecute the claim in the Canadian Proceedings under a contingency fee arrangement, subject to court approval.[3] Further, Homer & Bonner, P.A. agreed it would provide the court, the government and the Receiver with copies of all public filings and provide notice of all orders and hearing notices within ten days of the filing, order or hearing notice in the Canadian Proceedings. Homer & Bonner, P.A. also agreed it would be bound by the terms of this court's order. The agreement was executed in May 2004.[4]

This matter is now before the court on the Government's Motion for Clarification of Amended Restraining and Repatriation Order and Request for Hearing. (Doc. 755). The government advises that no materials have been provided by Homer & Bonner, P.A, as directed by the court and that it appears the work towards recovery and repatriation of the funds has been performed predominately, if not exclusively, by Svete's Canadian counsel, Duncan Manson. The government further advises that Svete has already paid Manson a

---

[3] A copy of the agreement was attached to the order as an appendix.

[4] Lawrence Bonner passed away on May 1, 2007.

Case No.: 3:04cr10/MCR

significant portion of his fee and Manson has expressed no interest in receiving a contingency fee if money is ultimately recovered in the Canadian Proceedings. Hearings are scheduled to occur in the Canadian Proceedings to determine priority status of the various claims in October 2008. Accordingly, it is ORDERED:

The government's Motion For Clarification (doc. 755) is Granted. The court confirms that the intent of its prior order was to accept the agreement reached between the Receiver, Svete (individually and on behalf of Umbrella Captial LLC), and Lawrence Bonner on behalf of Homer & Bonner, P.A. conditioned upon Homer & Bonner, P.A.'s compliance with the court's order, which required the law firm to take all reasonable steps to aid in the recovery and repatriation of the Canadian funds and deposit them in this court and to provide the court, the government and the Receiver with copies of all filings in the Canadian Proceedings and to notify the court, the government and the Receiver of any orders and/or hearing dates in the Canadian Proceedings.

In order to effectuate and further the intent and purpose of the court's May 28, 2004, Amended Restraining and Repatriation Order, the law firm of Homer & Bonner, P.A. shall produce to the court within thirty (30) days of the date of entry of this order copies of all hourly billing records, statements, invoices, affidavits, or other written documentation reflecting the efforts taken to recover and repatriate the funds in accordance with this court's Amended Restraining and Repatriation Order. Absent compliance with this order and production of documentation showing compliance with the court's Amended Restraining and Repatriation Order, a separate show cause order will be entered requiring Homer & Bonner, P.A., to show cause why an order striking its entitlement to fees or costs in connection with the Canadian Proceedings should not be entered.

The government's request for a hearing is Denied at this time.

DONE and ORDERED this 13th day of February, 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 3:04cr10/MCR