**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.                                        Case No. 3:04cr10/MCR

DAVID W. SVETE, ET AL.
_____

**ORDER GRANTING RECEIVER'S MOTION TO
APPROVE COMPROMISE AND SETTLEMENT OF
CLAIMS TO ASSETS SUBJECT TO FORFEITURE,
AND REQUEST FOR ORDER(S) IN AID OF SAME,
AND MEMORANDUM OF SUPPORT THEREOF**

        This case is before the Court upon the Motion of the Receiver, H. Thomas Moran, II, to Approve Compromise and Settlement of Claims to Assets Subject to Forfeiture, and Request for Order(s) in Aid of Same, and Memorandum in Support Thereof [Doc. No. 776] (the "Motion"). The Court, having reviewed the Motion and the Responses of David W. Svete ("Svete") and Homer & Bonner, P.A., being fully advised in the premises, and having heard the arguments of counsel for the Receiver, the Government, Svete, and Homer & Bonner, P.A. and having considered the evidence offered in support of the Motion in open court on November 25, 2008, FINDS as follows:

        1.        Pursuant to the Order of the United States District Court for the Southern District of Ohio, dated February 20, 2004, H. Thomas Moran, II was appointed Receiver for the assets of LifeTime Capital, Inc. (the "Receiver"). The Receiver's appointment was thereafter clarified and expanded to include the assets of certain other related entities either with respect to which funds of LifeTime have been transferred and/or such entities were owned and/or controlled by David W. Svete, including, without limitation, Umbrella Capital, LLC. From and after the date of his appointment, the Receiver has and continues to discharge his duties and responsibilities in a manner consistent with the authority

granted to the Receiver in the Order of Appointment [Doc. No. 6], as said Order has been clarified and/or modified from time to time [Doc. Nos. 23, 141, and 381, Case No. 3:04 cv 0059, in the United States District Court for the South District of Ohio].

2.    Pursuant to the Amended Judgment and Sentence entered in this criminal proceeding [Doc. No. 593], all funds or proceeds of assets which are the subject of this Court's prior Repatriation and Forfeiture Orders [*see* Doc Nos. 21, 112, 162, 511 and 550], and/or received as restitution payments, are to be credited against the restitution judgment and directed to the Receiver for distribution to the investors/victims of the Defendants.

3.    The proceeds of the claim of Umbrella Capital, LLC to certain funds which are assets in a receivership pending in the British Columbia Supreme Court, Vancouver Registry Case No. L-031587 (the "Canadian Receivership Proceeding"), are subject to this Court's Repatriation and Forfeiture Orders.

4.    On October 2008, the Receiver filed his Motion to Approve Compromise and Settlement of Claims to Assets Subject to Forfeiture, and Request for Order(s) in Aid of Same, and Memorandum in Support Thereof [Doc. No. 776]. The actions of the Receiver, as proposed in the Motion, and the approval and effectuation of the compromise and settlement, as described in the Motion, appear to the Court to be (i) within the range of reasonableness with respect to the claims to be resolved; (ii) reasonable and necessary; and (iii) in the best interests of the investors of LifeTime Capital, Inc., as the victims of the schemes for which Svete and Ron Girardot were found guilty and to which Charmé Austin pled guilty.

5.    The Court finds that good cause exists for granting the Receiver's Motion, and accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

a.    The Motion to Approve Compromise and Settlement of Claims to Assets Subject to Forfeiture, and Request for Order(s) in Aid of Same, and Memorandum in Support Thereof, [Doc. No. 776] is hereby granted.

b.    The Receiver is directed to take such steps as may be reasonably necessary to effectuate the compromise and settlement as described in the Motion hereby approved. Such steps may include, without limitation, such action as may be

```

necessary to obtain the requisite approval of the British Columbia Supreme Court Vancouver Registry in the Canadian Receivership Proceeding to the settlement involving the disbursement of certain of the funds in said proceeding.

c.     The Receiver, upon approval of the British Columbia Supreme Court in the Canadian Receivership Proceeding, shall take such steps as may be necessary to cause the proceeds of the settlement pertaining to the disposition of the Canadian Funds attributable to the Umbrella Capital, LLC claim and subject to this Court's Repatriation and Forfeiture Orders, repatriated to the Clerk of the Court to await the further order of this Court.

d.     The Receiver is directed to seek such additional relief from this Court as may be necessary to fully effectuate the settlements hereby approved.

e.     This Court retains jurisdiction pursuant to the Repatriation and Forfeiture Orders with respect to the subject matter of the proceeds of the compromise and settlements hereby approved and reserves the right to clarity, amend and/or supplement this Order.

**IT IS SO ORDERED** this 2nd day of December, 2008.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**